# JOHN C. PARKER v. E. A. ENGLER LUMBER COMPANY.[1]

## March 5, 1915.

## Nos. 19,075—(264).

**Secondary evidence.**

Action upon a written contract to cut and load logs. Where an original paper containing a list of articles and figures indicating their values by the defendant had been destroyed, the court did not err in admitting in evidence a copy of it made by plaintiff. That there was another column of figures upon it was not prejudicial, in view of the charge to the jury to disregard these figures. [Reporter.]

Action in the district court for Beltrami county to recover $5,588.69. The case was tried before Wright, J., and a jury which returned a verdict for $4,683.32. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*Fryberger, Fulton & Spear,* for appellants.

*E. E. McDonald,* for respondent.

PER CURIAM.

The complaint alleged seven causes of action and demanded judgment for $5,-588.69. The first cause of action was to recover an unpaid balance due plaintiff on a written contract by the terms of which plaintiff was to cut, haul and load logs for defendant. The only controversy here was as to the credit defendant was entitled to for a logging camp outfit and supplies furnished plaintiff. There was no substantial controversy over any of the other causes of action except the sixth, which was for work, labor and services, including use of camp and driving outfits, performed by plaintiff for defendant in driving certain other logs and "breaking" a landing at defendant's mill at Beaudette. These services were admitted, and their value is not seriously questioned here. The case was tried to a jury and submitted in a clear and comprehensive charge. The verdict was for plaintiff in the sum of $4,683.32. A motion for a new trial was denied and defendant appealed to this court.

The first assignment of error challenges the admission in evidence of a certain exhibit containing a list of articles found by plaintiff in the camp together with figures indicating their value. These figures were made by plaintiff, but copied from a list make by defendant, which was not produced in the trial, though a subpœna *duces tecum* had been served. It appeared that the paper containing the figures made by the defendant had been destroyed. There was no error in receiving this exhibit. The fact that there was another column of figures on the

---

[1] Reported in 151 N. W. 177.

paper was rendered unobjectionable by the clear instruction to the jury to disregard these figures.

Other assignments of error relate to the charge. We have examined these and find no error, at least none that can be considered prejudicial in view of the charge as a whole.

The evidence is quite clearly sufficient to sustain the verdict. It is useless to state or discuss it here.

As to the claim that the court erred in declining, on defendant's request, to submit special questions to the jury, there was clearly no abuse of discretion.

We find nothing in the record that warrants a reversal of the order, and no points of sufficient interest or importance to justify a longer opinion.

Order affirmed.